UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

|  |  |
|---|---|
| The Narragansett Electric Company,<br>Petitioner,<br><br>v.<br><br>United States Environmental Protection Agency,<br>Respondent. | 1625 JLT<br><br>Case No. __MAGISTRATE JUDGE__ RBC |

PETITION OF THE NARRAGANSETT ELECTRIC COMPANY
FOR REVIEW OF A PROHIBITION PROMULGATED BY
THE ENVIRONMENTAL PROTECTION AGENCY

Pursuant to Rule 15 of the Federal Rules of Appellate Procedure and Section 509(b)(1) of the Clean Water Act, 33 U.S.C. §1369(b)(1), The Narragansett Electric Company ("NEC"), an electric distribution utility in Rhode Island, hereby respectfully petitions this court for review of a Final Agency Determination ("FAD") by the Environmental Protection Agency ("EPA") that Ferric Ferrocyanide ("FFC") is one of the "cyanides" within the meaning of Section 307(a) of the Clean Water Act, 33 U.S.C. 1317(a)(1). The FAD is published at 68 Fed. Reg. 57690 (Oct. 6, 2003) (attached as Exhibit A).

1. The Court has jurisdiction over this Petition for Review pursuant to 33 U.S.C. §1369(b)(1) and Rule 15 of the Federal Rules of Appellate Procedure. Venue is proper in this Circuit pursuant to 33 U.S.C. §1369(b)(1). This Petition is being timely filed with the Court within one hundred and twenty (120) days of the issuance of the FAD. NEC is an interested person because it owns, or is responsible for, numerous sites that contain FFC.



2. The FAD is a final agency action because EPA has completed its process for determining whether FFC is a toxic pollutant and there is no ongoing proceeding or other further opportunity for review of the FAD before EPA.

3. Notwithstanding EPA's characterization of the FAD as an "interpretation," it is, in fact, a legislative rule subject to all the procedural and substantive safeguards of the Clean Water Act ("CWA") and the Administrative Procedure Act ("APA"). The FAD constitutes a legislative rule because, among other things, it fills in the interstices of the meaning of toxic pollutants under Section 307 of the CWA and it affixes legal relationships and responsibilities that are binding on all persons subject to the CWA. As a legislative rule, the FAD: (a) has a legislative effect, (b) creates rights and assigns obligations not already contained in the statute or implementing regulations, and (c) goes beyond clarifying, explaining, or reminding.

4. Pursuant to this Court's order of October 6, 1995, the question of whether FFC qualified as one of the "cyanides" within the meaning of the Clean Water Act was referred to the EPA by the District Court under the doctrine of primary jurisdiction. *Commonwealth of Massachusetts v. Blackstone Valley Electric Co.*, 67 F.3d 981 (1st Cir. 1995) ("*Blackstone*"). In response to the referral, EPA did not issue an interpretation based on prior construction or past practices (although it misleadingly claims to have done so), but rather undertook a multi-year proceeding to legislate a new legal standard with binding application to all persons under the CWA and the Comprehensive Environmental Response, Compensation, and Liability Act. This legislative rule was preceded by a Preliminary Administrative Determination ("PAD"), published at 66 Fed.Reg. 7759 (Jan. 25, 2001), describing EPA's proposal to incorporate FFC within the coverage of "cyanides" as listed on the CWA's toxic pollutant list. EPA requested public comments on the PAD by March 12, 2001, and extended the deadline twice so that the initial

comment period closed on July 10, 2001. 66 Fed. Reg. 7759 (January 25, 2001); 66 Fed. Reg. 14581 (March 13, 2001); 66 Fed. Reg. 29800 (June 1, 2001). As a result of a Freedom of Information Act request submitted by NEC that uncovered over 200 relevant documents that had not been disclosed in the PAD, EPA published a notice of availability for these materials and solicited additional comments. *See* 67 Fed. Reg. 67183 (November 4, 2002). Almost three years after initial publication of the PAD, EPA issued its Final Administrative Determination accompanied by a 55-page statement of the basis and purpose for the FAD. 68 Fed. Reg. 57690 (Oct. 6, 2003).

    5. The FAD is an invalid and unlawful legislative rule for a number of independent reasons, including the following:

    (a) EPA failed to comply with the participation requirements of the CWA, 33 U.S.C. §1251, and the procedural requirements of the APA, 5 U.S.C. §553, and thus is unlawful. *See* 5 U.S.C. §706(2)(D) ("without observance of procedure required by law"). Among other things, the EPA failed to provide adequate notice that it was taking action that had the effect of a legislative rule;

    (b) EPA failed to engage in reasoned decision-making and thus acted in an arbitrary and capricious manner. *See* 5 U.S.C. §706(2)(A). EPA justified its conclusions with arguments that were rejected by this Court in *Blackstone*. Furthermore, EPA failed, *inter alia*, to adequately address the comments it received, to adequately consider scientific analyses reaching contrary conclusions, to consider factors required by the CWA, and to consider factors set forth in EPA's own regulations; and

    (c) The FAD is not supported by substantial evidence in the record and thus is unlawful under 5 U.S.C. §706(2)(E).

6. Even if the FAD were considered an interpretive rule, it is invalid because it is arbitrary and capricious.

WHEREFORE, Petitioner The Narragansett Electric Company demands judgment against Respondent as follows:

A. This Court should set aside the FAD as invalid and unlawful.

B. This court should award Petitioner such other relief as the Court may deem appropriate.

Dated: January 21, 2004

Respectfully submitted,

_Ernest Gellhorn_
Ernest Gellhorn
(1st Cir. Bar No.: 62787)
LAW OFFICE OF ERNEST GELLHORN
Suite 100
2907 Normanstone Lane, NW
Washington DC  20008
Telephone: 202-319-7104
Facsimile: 202-319-7106
Email: gellhorn@pipeline.com

Garret Rasmussen
Jeffrey Wertkin
PATTON BOGGS LLP
2550 M Street NW
Washington DC  20037
Telephone: 202-457-6343
Facsimile: 202-457-6315
Email: grasmussen@pattonboggs.com

Counsel for The Narragansett Electric Company, Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only). **The Narragansett Electric Company v. United States Enviornmental Protection Agency**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐   I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒   II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    ☐   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☐   IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ☐   V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    **Please refer to attached sheet.**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☒   NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐   NO ☒
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☐   NO ☒

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☐       Central Division ☐       Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside? **Narragansett is a Rhode Island Corporation**
        Eastern Division ☐       Central Division ☐       Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **John Voorhees**
ADDRESS  **1660 Lincoln Street, Suite 1900, Denver, CO 80264**
TELEPHONE NO.  **303-894-6199**

(CategoryForm.wpd - 5/2/05)

Jul-22-05  05:42pm  From-PATTON BOGGS LLP       2024576315        T-296  P.04/04  F-135

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Narragansett Electric Company

### DEFENDANTS
United States Environmental Protection Agency

(b) County of Residence of First Listed Plaintiff: Providence
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): John Voorhees, 303-894-6199
1660 Lincoln Street, Suite 1900
Denver, CO 80264

Attorneys (If Known): Laurel Bedig

## II. BASIS OF JURISDICTION
☒ 2 U.S. Government Defendant

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)
Citizen of Another State — PTF ☒ 2

## IV. NATURE OF SUIT

## V. ORIGIN
☒ 3 Transferred/Remanded from Appellate Court

## VI. CAUSE OF ACTION
5 USC 706; 28 USC 1631
Challenge to Federal Administrative Action

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: ☒ No

## VIII. RELATED CASE(S) IF ANY
JUDGE: Zobel
DOCKET NUMBER: 87-1799 RWZ

DATE: 7/29/05

Case number stamp: 05-11625 WLT