THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

October 11, 2005

**By Electronic Filing**

Zita Lovett, Courtroom Clerk
United States District Court
Courtroom 7, 20th Floor
U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

      Re:    The Narragansett Electric Co. v. U.S. EPA, No. 05-11625-JLT

Dear Ms. Lovett:

      This case, a petition for review of a final action of US EPA, was originally filed in the Court of Appeals, but was transferred by that Court to the district court under a mandate issued on June 28, 2005. The Commonwealth intervened in the matter in the Court of Appeals, and I filed my appearance in your court earlier today. I am writing to draw your attention to two features bearing on the assignment of the case that may not be apparent on the record before you.

      First, the subject of the petition is a "Final Administrative Determination" of the EPA responding to a question posed to it in another pending case, <u>Commonwealth of Massachusetts v. The Narragansett Electric Co.</u>, No. 87-01799-RWZ. That case is an action to recover response costs under CERCLA. The case was originally assigned to Judge Tauro, who entered summary judgment for the Commonwealth in 1991. 777 F. Supp. 1036 (D. Mass. 1991). The principal if not only question in the case was whether the cleanup involved a "hazardous substance" under CERCLA. On appeal, the Court of Appeals thought the question could not be answered on the existing record, and directed the district court to certify it to EPA for its determination. The district court did so in October, 1995, and the Final Administrative Determination represents EPA's response.

Zita Lovett, Courtroom Clerk
October 11, 2005
Page 2

      Second, in the proceedings before the Court of Appeals, the Commonwealth noted the relationship between the petition and the original action in the district court, and asked that, if the Court determined it lacked jurisdiction of the petition, it should transfer the case to the district court to be decided with the original action. And indeed, although the Court's mandate does not contain that precise direction, the Court's opinion does state the following:

> Because we find that direct appellate review of the precise action here . . . is not within the scope of section 1369(b), we hold that we lack subject matter jurisdiction. Rather than dismissing the petition, we transfer it, for efficiency purposes, to the Federal District Court for the District of Massachusetts, <u>thus consolidating it with the underlying environmental litigation that generated the primary jurisdiction referral</u>.

Slip op. at 2.

      It is my belief that under the district court's procedures, these features, were they apparent, would have resulted in the assignment of the petition to the Judge handling the underlying case, namely Judge Zobel. While I am quite willing to prepare a motion for consolidation, it seemed to me that the matter is one that could properly be handled administratively. However, if I am mistaken, or if you require any additional information, please feel free to call me.

      Thank you for your attention to this matter.

                                                             Yours truly,

                                                             /s/
                                                             William L. Pardee
                                                             Assistant Attorney General
                                                             617-727-2200 x 2419
                                                             bill.pardee@ago.state.ma.us

John Voorhees (by email)
Laurel Bedig (by email)
Robert Fitzpatrick (by electronic notice)