UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE NARRAGANSETT ELECTRIC COMPANY, | * * * | |
| Petitioner, | * * | |
| v. | * * | Civil Action No. 05-11625-JLT |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | * * * | |
| Respondent. | * | |

ORDER

November 10, 2005

TAURO, J.

This case was originally filed on July 14, 1987 as an action seeking environmental cleanup expenses under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA").[1] In order for the Commonwealth to recover costs associated with the cleanup of toxic pollutants, it had to establish that ferric ferrocyanide–the substance released in this case–was a "hazardous substance" as described by the statute. The Commonwealth moved for partial summary judgment on that issue, which this court allowed on November 25, 1991.[2] The decision was appealed to the First Circuit, which vacated and remanded to the district court with instructions to refer the case to the Environmental Protection Agency ("EPA").[3]

---

[1] 42 U.S.C. § 9601, et seq.

[2] Massachusetts v. Blackstone Valley Elec. Co., 777 F. Supp. 1036 (D.Mass. 1991).

[3] Massachusetts v. Blackstone Valley Elec. Co., 67 F.3d 981 (1st Cir. 1995).

Following the First Circuit mandate, this court referred the matter to the EPA to determine whether ferric ferrocyanide was among the "hazardous substances" contemplated by CERCLA. At that time, a stay was entered with respect to the still-pending cost recovery claim. During the eight year period in which the EPA conducted its proceedings regarding ferric ferrocyanide, this court withdrew from the underlying cost recovery action, which was subsequently reassigned to Judge Rya Zobel.

On October 6, 2003, the EPA issued a final determination that ferric ferrocyanide qualified as a toxic pollutant under the Clean Water Act and CERCLA. Petitioners in this case sought to appeal that determination in the Court of Appeals for the First Circuit. In a decision dated May 6, 2005, the First Circuit held that it lacked the jurisdiction to review the agency action,[4] prompting Petitioners to file in district court. Although the Petitioners indicated on the civil cover sheet that the related cost recovery action was currently before Judge Zobel, the petition to review the EPA determination was mistakenly assigned to this court. Because review of the agency determination ultimately affects disposition in the cost recovery action, the case should have been assigned to Judge Zobel.

In the interest of efficiency, the court hereby orders that this action (Docket 05-11625-JLT) shall be consolidated with the underlying cost recovery action (Docket 87-01799-RWZ) and brought collectively before Judge Zobel.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[4] Narragansett Elec. Co. v. EPA, 407 F.3d 1 (1st Cir. 2005).